UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARRIE LORIMER, | ) CASE NO. 1:23-CV-1695 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| vs. | ) |
| MAYFIELD CITY SCHOOL DISTRICT BOARD OF EDUCATION, *et al.*, | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| Defendants. | ) |

**I.     Procedural History**

Before the Court is Defendants' motion to partially dismiss Plaintiff's complaint.  (ECF No. 8).  On August 29, 2023, Plaintiff filed a collective action complaint for violations of the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), the Ohio Prompt Pay Act ("OPPA"), and retaliation.  (ECF No. 1).  On November 15, 2023, Defendants moved to dismiss the overtime components of counts one and two, count three in its entirety, and count five as to Defendants Nedlik and Engoglia.  (ECF No. 8).

On December 8, 2023, Plaintiff partially opposed Defendants' motion.  (ECF No. 10). Plaintiff does not oppose, "(1) the dismissal of any claim for overtime and (2) the dismissal of her Ohio Prompt Pay Act ("OPPA") claim (Count III)."  (*Id*. at PageID #134).  Accordingly, the Court **DISMISSES** the overtime claims in counts one and two **WITH PREJUDICE** and **DISMISSES** count three **WITH PREJUDICE**.  The remaining issue is whether Plaintiff can raise a retaliation claim under count five against Defendants Nedlik and Engoglia.  Plaintiff argues that a plain text reading of the definition of employer does not exclude employees of a public agency from liability,

so the retaliation claims against Defendants Nedlik and Engoglia should survive. (*Id*. at PageID #136–40).

On December 22, 2023, Defendants replied in support of their motion. (ECF No. 11). Defendants argue that the FLSA definition of "employer" is not inclusive of individual public employees, so the anti-retaliation provision in Ohio Cont. Art. II, §34a does not extend to individual public employees such as Defendants Nedlik and Engoglia. (*Id*. at PageID #144–45).

## II.     Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III.     Analysis

Count five of Plaintiff's complaint asserts a claim of retaliation based on protected wage complaints in violation of Article II, Section 34a of the Ohio Constitution against all Defendants. (ECF No. 1, PageID #10). The relevant portion of Article II, Section 34a states, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising

2

any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same." The term "employer" is identified in the section as having the same meaning "as under the federal Fair Labor Standards Act or its successor law" and "shall also include the state and every political subdivision." OH Const. Art. II, §34a. The FLSA defines employer as, "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). The FLSA further defines "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

Defendants argue that the FLSA definition of employer does not include employees of a public agency. (ECF No. 8, PageID #44). Defendants cite to *Mitchell v. Chapman*, 343 F.3d 811, 832 (6th Cir. 2003), which held that public employees are not individually liable under the Family and Medical Leave Act ("FMLA"). (*Id*. at PageID #44–45). Plaintiff responds that a reading of the plain language of the FLSA definition of employer does not preclude individual liability against public employees. (ECF No. 10, PageID #136). Plaintiff notes that the definition of employer under FMLA is different than the definition provided by the FLSA, so the holding in *Chapman* should not be extended to FLSA. (*Id*. at PageID #140). Defendants reply that the Sixth Circuit has never extended the FLSA definition of employer to encompass individual public employees. (ECF No. 11, PageID #143).

Defendants are correct that the Sixth Circuit has not weighed in on whether the FLSA definition of employer extends to individual public employees. In *Mitchell v. Chapman*, the Sixth Circuit considered individual liability of public employees in a related statute, FMLA. 343 F.3d

3

811 (6th Cir. 2003). The relevant section of the FMLA reads:

> (A) The term "employer"—
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
> (ii) includes—
> (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
> (II) any successor in interest of an employer;
> (iii) includes any "public agency," as defined in section 203(x) of this title; and
> (iv) includes the Government Accountability Office and the Library of Congress.
> (B) Public Agency
> For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4). The Sixth Circuit concluded that the FMLA's individual liability provision does not extend to public agencies. *Mitchell*, 343 F.3d at 832. One of the three reasons that the court cited was, "the FMLA distinguishes its definition of employer from that provided in the FLSA by separating the individual liability and public agency provisions." *Id*. The Sixth Circuit noted in that decision that they had "never extended individual liability to public employees under the FLSA." *Id*.

Since *Mitchell*, district courts within the Sixth Circuit have come down in favor of and against extending individual liability to public employees under the FLSA. Defendants cite to *Millington v. Morrow County Board of Commissioners*, No. 2:06-cv-347, 2007 WL 2908817, at *14 (S.D. Ohio Oct. 4, 2007) and *Campbell v. Kelly*, No. 3:09-cv-435, 2011 WL 3862019, at *5 (S.D. Ohio Aug. 31, 2011). Plaintiff argues the Court should follow *Fraternal Order of Police Barkley Lodge #60, Inc. v. Fletcher*, 618 F.Supp.2d 712, 721 (W.D. Ky. 2008) and *Stephen v. Creal*, No. 2:04-cv-648, 2005 WL 1159411 (S.D. Ohio May 17, 2005).

In *Millington*, the Southern District of Ohio reasoned, "[t]he fact that Congress indicated an intent not to hold individual public agency officials liable under a similar definition in the FMLA suggests that Congress likewise never intended to impose individual liability on public employees under the FLSA." 2007 WL 2908817, at *14. However, the court did not reach any conclusion as to whether the definition of employer in the FLSA encapsulates public employees; it found, "grounds for imposing individual liability have not been shown in this case." *Id*.

In *Campbell*, the Southern District of Ohio found that the FLSA precludes claims against public employers in their individual capacities. 2011 WL 3862019, at *5. As reasoning, the court cited, "the obviously cobbled and imprecise language in the FLSA together with the intentional similarities between it and the FMLA." *Id*. The court determined, "[i]t would be incongruous to permit FLSA claims against individual public employers, but not claims under the FMLA, which was specifically modeled on the former." *Id*. The Court does not find this reasoning to be persuasive.

In *Fraternal Order of Police*, the Western District of Kentucky found no ambiguity in the FLSA employer definition and held, "[t]he simplest and plain reading of the FLSA leads the Court to conclude that public employees who act directly or indirectly in the interest of an employer, including a public agency employer, in relation to an employee, may be held individually liable under the FLSA." 618 F.Supp.2d. at 721. The court noted it, "senses that the Courts who have ruled otherwise have not based their decision on the plain language of the statute." *Id*.

In *Stephen*, the Southern District of Ohio found that just because the Sixth Circuit has not extended individual liability to public employees under the FLSA does not mean that the law forbids the court from doing so. 2005 WL 1159411, at *4. In looking at the definition of employer

5

under the FLSA, the court held that a public official can be sued in their individual capacity for violations of the Equal Pay Act. *Id*. at *6.

The courts that applied the *Mitchell* FMLA reasoning to the FLSA employ an unwarranted mirroring technique. They argue that the FMLA is based on the FLSA and the FMLA resolves an ambiguity within the FLSA, so the FLSA's definition of employer should mirror the FMLA. *See Millington v. Morrow County Board of Commissioners*, No. 2:06-cv-347, 2007 WL 2908817, at *14 (S.D. Ohio, Oct. 4, 2007) ("The fact that Congress indicated an intent not to hold individual public agency officials liable under a similar definition in the FMLA suggests that Congress likewise never intended to impose individual liability on public employees under the FLSA."). However, that reasoning requires the Court to assume that Congress chose to change the definition of employer in FMLA, rather than amending the FLSA, and assumed that courts would retroactively apply that clarification to the FLSA.

The Court does not identify any ambiguity in the definition of employer provided in 29 U.S.C. § 203(d). The definition encapsulates liability for private employees and does not carve out exceptions for employees of a public agency. Without clear, binding precedent to the contrary, the Court finds that Section 34a applies to Defendants Nedlik and Engoglia.

### IV. Conclusion

Defendants' motion to partially dismiss Plaintiff's complaint is **GRANTED** in part and **DENIED** in part. (ECF No. 8). The Court **GRANTS** Defendants' motion with respect to counts one, two, and three, and **DISMISSES** the overtime claims in counts one and two **WITH PREJUDICE** and **DISMISSES** count three **WITH PREJUDICE**. Defendants' motion with respect to count five is **DENIED**.

**IT IS SO ORDERED.**

Date: August 21, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**